**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Plaintiff Stever
Email: centraldocket@jacksonwhitelaw.com
By:   Michael R. Pruitt, No. 011792
         mpruitt@jacksonwhitelaw.com
         Nathaniel Hill, No. 028151
         nhill@jacksonwhitelaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ivol Stever, filing individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Classy Closets, Etc., Inc. an Arizona Corporation;<br><br>Defendant. | Case No.: _____<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Ivol Stever, a/k/a Burt Stever, filing as an individual and on behalf of all others similarly situated, by and through his counsel undersigned, and for his Complaint alleges as follows:

1.   This action arises from the illegal employment actions of Defendant Classy Closets, Etc., Inc. (Classy Closets) involving violations of the overtime wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

2.   As provided for under the FLSA, Plaintiff Stever brings this action on behalf of himself and as a collective action on behalf of all other similarly situated current and former installers, lead installers, helpers and installation crew members (collectively

-1-

referred to herein as Installation Employees) working for Classy Closets at any time during the last three years installing custom designed storage and organization solutions for closets, kitchens, bathrooms, home offices, laundry rooms, pantries, garages and commercial spaces.

3. As a collective action, Plaintiff Stever will seek to provide notice to all other similarly situated Installation Employees of the opportunity to join this action by filing their consent with the Court. Plaintiff Stever and any similarly situated Installation Employees who join this collective action are referred to herein as the Collective Action Members.

4. The FLSA requires employers pay all covered employees an overtime wage of at least 1 ½ times their normal hourly compensation rate for all hours worked in excess of 40 hours in any workweek.

5. Plaintiff Stever and the other similarly situated Installation Employees met the legal and statutory requirements to be classified as covered employees under the FLSA.

6. Plaintiff Stever and the other similarly situated Installation Employees did not rightly qualify for any of the exemptions to the payment of overtime wages outlined in the FLSA.

7. Plaintiff Stever and the other similarly situated Installation Employees routinely worked well over 40 hours in a typical workweek without receiving overtime wages in violation of the FLSA.

8. Defendant willfully and in bad faith failed to pay overtime wages to Plaintiff Stever and the other similarly situated Installation Employees for the purpose of unjustly enriching itself.

9. As a result, Plaintiff Stever and the Installation Employees have suffered economic damages in an amount to be proved at trial.

10. This action is brought to recover all damages available to Plaintiff Stever and the Collective Action Members under the FLSA. This includes such things as unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

## JURISDICTIONAL ALLEGATIONS

11. As this matter arises under the FLSA, a federal statute, this Court has original and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391 as the acts and omissions alleged herein occurred within the geographic region covered by the United States District Court for the District of Arizona.

## THE PARTIES

13. Defendant Classy Closets is an Arizona corporation with its corporate headquarters in Chandler, Arizona.

14. Defendant has annual revenue in excess of $500,000 and engages in interstate commerce as that term is defined under the FLSA.

15. During the relevant time period, Defendant met all legal and statutory requirements under the FLSA to be the covered employer of Plaintiff Stever and the other similarly situated Installation Employees.

16. As a covered employer, Defendant was required to comply with the provisions and legal requirements contained in the FLSA.

17. Plaintiff Stever and the other Installation Employees were employed by Defendant to deliver and install storage and organization solutions for closets, kitchens, bathrooms, home offices, laundry rooms, pantries, garages and commercial spaces.

18. Plaintiff Stever is a resident of Maricopa County in the State of Arizona.

19. During the relevant time period, Plaintiff Stever and the group of all other similarly situated Installation Employees met all legal and statutory requirements to be covered employees under the FLSA.

20. As covered employees, Plaintiff Stever and the group of all other similarly situated Installation Employees were covered by the provisions and protections of the FLSA such as receiving overtime wages.

21. As required by the FLSA, 29 U.S.C. § 216(b), Plaintiff Stever has filed his written consent form with the Court as an attached exhibit to this Complaint allowing him to proceed as a party in this action.

**BACKGROUND FACTS**

22. Defendant advertises that it employs professional designers who meet with prospective customers to create custom closet and storage solutions.

23. Defendant operates multiple showrooms located in the states of Arizona, California, Colorado, Kansas, Montana, New Mexico, Nevada, Texas, Utah and Wyoming.

24. After the custom closet or storage solution project has been designed and approved by the customer, Defendant assigns an installation crew to travel to the customer's job site and perform the installation.

25. Installation crews typically consist of a "helper" and a lead "installer."

26. While the position of installer was the senior member of the installation crew, the positions of helper and installer performed identical installation tasks.

27. All helpers, installers, and Installation Employees are employees of the Defendant.

28. Defendant advertises that "all Classy Closets installers are employees of the company" and each "job is led by an installer that has successfully completed our training program to qualify them for the installation he/she is performing."[1]

29. Plaintiff Stever is a long-term employee with extensive experience working as an installer for Defendant.

---

[1] https://classyclosets.com/frequently-asked-questions last accessed May 18, 2022.

30. Sometime in April 2021, Plaintiff Stever voluntarily left his employment with Defendant.

31. Plaintiff Stever and the other similarly situated Installation Employees received compensation based on a percentage of total cost of the installation project paid by the client.

32. Plaintiff Stever and the other similarly situated Installation Employees were not paid based on the number of hours worked.

33. Plaintiff Stever and the other similarly situated Installation Employees were not paid overtime wages despite consistently working over 40 hours each workweek.

34. Plaintiff Stever and the other similarly situated Installation Employees were told by Defendant when and where to start and end their workday.

35. Plaintiff Stever typically reported to a company warehouse at approximately 7 am each workday. He reviewed the installation job to be performed and loaded the required materials into a company trailer hooked up to Plaintiff Stever's private vehicle. Plaintiff Stever and a helper then drove to the customer's location and performed the installation according to the design created by the company. At the end of the day, Plaintiff Stever and the assigned helper returned to the warehouse, dropped off the company trailer and went home.

36. The time and location for each installation project was set by Defendant.

37. Plaintiff Stever and the other similarly situated Installation Employees typically did not take a lunch break, but grabbed a quick snack that was quickly consumed at the work site or while traveling to another installation project.

38. The delivery and installation work performed by Plaintiff Stever and the other similarly situated Installation Employees required experience, skill, precision, care, attention to detail, the ability to follow installation directions, read blueprints, and the strength to lift heavy objects. The work did not require specialty training, certification, higher education, initiative, judgment or foresight.

39. Plaintiff Stever and the other similarly situated Installation Employees did not rightly qualify for any of the exemptions to the payment of overtime wages outlined in the FLSA.

40. Plaintiff Stever and the other similarly situated Installation Employees were not paid on a salary basis as that term is legally and statutorily defined under the FLSA.

41. The primary duty of Plaintiff Stever and the other similarly situated Installation Employees did not involve managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

42. Plaintiff Stever and the other similarly situated Installation Employees did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

43. Plaintiff Stever and the other similarly situated Installation Employees did not have the authority to hire or fire other employees.

44. Plaintiff Stever and the other similarly situated Installation Employees did not make suggestions and recommendations given any particular weight as to the hiring, firing, advancement, promotion or other change of status of other employees.

45. Plaintiff Stever and the other similarly situated Installation Employees did not rightly qualify for the FLSA's executive exemption to the payment of overtime wages.

46. The duties of Plaintiff Stever and the other similarly situated Installation Employees was an indispensable part of the production and marketplace offering of Defendant and did not involve the performance of office or nonmanual work directly related to the management or general business operations of Defendant or any customer of Defendant.

47. The duties of Plaintiff Stever and the other similarly situated Installation Employees did not involve the exercise of discretion and independent judgment with respect to matters of significance.

48. Plaintiff Stever and the other similarly situated Installation Employees did not rightly qualify for the FLSA's administrative exemption to the payment of overtime wages.

49. The duties of Plaintiff Stever and the other similarly situated Installation Employees involved delivering and installing kitchen, closet and storage solution designed and created through a collaboration of the professional designers employed by Defendant and the customer.

50. The duties of Plaintiff Stever and the other similarly situated Installation Employees did not involve the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

51. Plaintiff Stever and the other similarly situated Installation Employees did not rightly qualify for the FLSA's creative professional exemption to the payment of overtime wages.

52. The compensation of Plaintiff Stever and the other similarly situated Installation Employees was not such that they would rightly qualify for the FLSA's highly compensated exemption to the payment of overtime wages.

**FLSA and Collective Action Allegations**

53. Plaintiff Stever and the other similarly situated Installation Employees operated under a common set of policies and procedures covering such things as the delivery and installation process, compensation, interactions with customers, and expected job performance. Defendant advertises: "We are locally owned, operated, and we rely solely on our in-house professional employees for all your design, manufacturing, and installation needs."[2]

54. Plaintiff Stever has firsthand personal knowledge of the hours worked, compensation practices and the terms and conditions of employment of his fellow Installation Employees. This knowledge was gained through, but not limited to, his many

---

[2] https://classyclosets.com/frequently-asked-questions last accessed May 18, 2022.

years of employment with Defendant, his extensive interactions with other Installation Employees and company supervisors and management, through verbal and written company directives, and through review of company policies and procedures.

55. Plaintiff Stever and the other similarly situated Installation Employees routinely worked well in excess of forty hours during most workweeks without receiving overtime wages.

56. This collective action arises from an ongoing illegal and improper scheme by Defendant to systematically and willfully violate the provisions of the FLSA by failing to pay legally mandated overtime wages to Plaintiff Stever and the other similarly situated Installation Employees.

57. Given the willful violations of the FLSA as alleged herein, Plaintiff Stever and the other similarly situated Installation Employees are entitled to use a three year statute of limitations period for the recovery of overtime wages as provided for by the FLSA, 29 U.S.C. § 255.

58. The actions of Defendant were not taken in good faith and Defendant did not have a reasonable basis for believing that its compensation practices did not violate the FLSA allowing for the collection of liquidated damages.

59. The bad faith and willful violations of the FLSA taken by Defendant in failing to pay overtime wages resulted in economic damages to Plaintiff Stever and the other similarly situated Installation Employees.

60. As a collective action, all other current and former Installation Employees working at any point during the last three years may join this lawsuit by filing a properly executed consent to join form with the Court.

61. Plaintiff Stever intends to seek an order from the court providing notice to all other similarly situated current and former Installation Employees of the pendency of this action and their right to join this lawsuit as a Collective Action Member pursuant to the provisions of 29 U.S.C. § 216(b).

62. Given that Plaintiff Stever has alleged a willful violation of the FLSA on the part of Defendant, the relevant time period for such notice is three years prior to the filing of this Complaint.

**COUNT 1**
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

63. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

64. Plaintiff Stever and the other similarly situated Installation Employees are covered employees legally entitled to collect all unpaid overtime wages due them under the FLSA.

65. Defendant met all legal and statutory requirements under the FLSA for being a covered employer of Plaintiff Stever and the other similarly situated Installation Employees.

66. Plaintiff Stever and the other similarly situated Installation Employees routinely worked in excess of forty hours during most workweeks without receiving the overtime wages legally due them under the FLSA.

67. Defendant willfully and in bad faith failed to pay Plaintiff Stever and the other similarly situated Installation Employees the overtime wages legally due them under the FLSA.

68. As a result of this illegal policy and practice, Plaintiff Stever and the other similarly situated Installation Employees have suffered economic damages in an amount to be proved at trial.

69. The policy of not paying overtime wages was knowing, willful, and not taken in good faith. This entitles Plaintiff Stever and the Collective Action Members to extend the recovery period for damages from two years to three years as provided for by the FLSA, 29 U.S.C. § 255(a) and collect liquidated damages in an amount equal to their economic damages.

70. As provided for by the FLSA, Defendant is liable to Plaintiff Stever and the Collective Action Members for their reasonable attorneys' fees and costs.

71. As a result of the illegal actions described herein, Defendant are liable to Plaintiff Stever and the Collective Action Members for such other relief and damages as are available to them and as provided for by law.

**WHEREFORE,** Plaintiff Stever individually and on behalf of those similarly situated, and any Collective Action Members who may join this action, request that this Court enter judgment in their favor and against Defendant as follows:

A. Declare and certify that this action can proceed as a collective action by Plaintiff Stever on behalf of all similarly situated current and former helpers, installers and Installation Employees working for Defendant at any time during the past three years;

B. Issue an Order that notice of this collective action shall be expeditiously sent to the designated class of Collective Action Members informing them of the opportunity to participate in this collective action through the filing of consent to join forms with the Court;

C. Declare that Plaintiff Stever and all Collective Action Members are employees legally entitled to collect unpaid overtime wages;

D. Declare that the actions of Defendant in failing to not pay overtime wages was willful and not taken in good faith;

E. Declare that Plaintiff Stever and all Collective Action Members are legally entitled to a three year recovery period for the purpose of collecting unpaid overtime wages;

F. Enter a judgment against Defendant in an amount to be proved at trial as compensation to Plaintiff Stever and all Collective Action Members for their unpaid overtime wages;

G. Declare that Plaintiff Stever and all Collective Action Members are legally entitled to collect liquidated damages;

H. Declare that Plaintiff Stever and all Collective Action Members are legally entitled to collect their reasonable attorneys' fees and costs;

I. Declare that Plaintiff Stever and all Collective Action Members are entitled to all other relief and remedies available to them under law due to the illegal and improper actions of Defendant;

J. Award Plaintiff Stever and all Collective Action Members interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

K. Award Plaintiff Stever and all Collective Action Members prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

L. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require Defendant file such reports as the Court deems necessary to document compliance; and

M. For all other further relief as this Court deems just and proper.

**DATED** this 8th day of August, 2022.

**JACKSON WHITE**
s/ Michael R. Pruitt
By: Michael R. Pruitt, No. 011792
Nathaniel Hill, No. 028151
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff Stever

F:\STU\Stever, Ivol\Pleadings\Complaint.OT.Stever.docx